## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **JONATHAN D. BENTLEY,** | ) |
| **Plaintiff,** | ) |
| VS. | ) |
| | ) CASE NO: 12-_____ |
| **NATIONAL APPLICATION** | ) |
| **PROCESSING & SCREENING, INC.** | ) JURY TRIAL DEMANDED |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW, Plaintiff, Jonathan D. Bentley, by and through the undersigned attorney, and brings this action against Defendant National Application Processing & Screening, Inc., ("NAPS") on the grounds and in the amounts set forth herein.

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq. and claims under Alabama law. Plaintiff seeks actual damages, punitive damages, costs and attorneys fees.

## THE PARTIES

2. Plaintiff is a natural person and consumer, a resident and a citizen of Baldwin County in the State of Alabama and of the United States. Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

1

3. Defendant National Application Processing & Screening, Inc. ("NAPS") is a corporation incorporated under the laws of Alabama. It has its principle place of business in Bessemer, Alabama.

4. NAPS is a consumer reporting agency as defined in § 1681a of the FCRA, regularly engaged in the business of assembling, evaluating and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

## JURISDICTION AND VENUE

5. This court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Defendant is liable to Plaintiff pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, et seq., as well as other applicable law.

6. This court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1337.

7. Venue is proper in the Northern District of Alabama pursuant to 28 U.S.C. §1391 because the defendant resides in this district.

## FACTUAL ALLEGATIONS

8. This is a mixed file case in which the Plaintiff, Jonathan D. Bentley had his consumer file, which was compiled by NAPS, merged with that of a Jonathon Daniel Bentley thus causing damages to the Plaintiff.

9. According to the National Consumer Law Center, "Mistakes on criminal background screening reports cost workers' jobs and skirt federal law (Fair Credit Reporting Act). Federal and state government and courts each have a role in improving the accuracy of background checks." See: http://www.nclc.org/issues/broken-records.html.

10. At all relevant times, the Plaintiff, Jonathan D. Bentley, resided in Loxley Alabama which is located in Baldwin County. His social security number is xxx-xx-5007 and his date of birth is \*\*/\*\*/85. Jonathon Daniel Bentley's apparent location is in Harpersville, Alabama, which is in Shelby County. His social security number is xxx-xx-0942 and his date of birth, according to NAPS's own report, is \*\*/\*\*/84. The social security numbers are completely different as not one digit in the 9 digit number set matches. Additionally, they live over 230 miles apart.

11. Plaintiff is presently employed by Baldwin County as a solid waste technician and has been so employed since April of 2009. He was presented, however, an opportunity to apply for a new position at a hospital, Infirmary Health System, and submitted an application for employment.

12. Prior to employment with the County he worked for both Wal-Mart and Home Depot. All three of these entities conducted background investigations on Mr. Bentley and found no problems there.

13. After applying for a position, in June 2012, the Plaintiff received a letter from Infirmary Health System denying his employment and stating the reason for denial the long and extensive criminal history which was reported by defendant, NAPS. In part, the letter also stated,

3

"Infirmary Health System's decision not to offer you employment was based in whole or in part on information contained in that report." Perplexed, the Plaintiff reviewed the consumer report that was attached to the adverse action letter from Infirmary Health System. He discovered, for the first time, that his consumer report, from NAPS, contained inaccurate information about him

14. The criminal history that was included in the NAPS report was extensive. It stated that Plaintiff had:

- A pending charge of felony possession of marijuana in Shelby County Alabama;
- A felony conviction, also in Shelby County, for third degree burglary on December 10, 2009;
- A Shelby County felony conviction, for possession of a forged instrument on February 2, 2006;
- A Shelby County conviction of possession of alcohol by a minor on September 14, 2004;
- A Shelby County felony conviction of third degree burglary on December 9, 2002; and
- A third Shelby County felony conviction for third degree burglary on December 9, 2002.

15. Bewildered and shocked at what was reporting on his consumer report, the Plaintiff met with and hired a lawyer to aid in removing this inaccurate information.

16. After reviewing the report with his lawyer, Plaintiff discovered that the criminal charges belonged to another person with a similar name; however, the address, social security number and date of birth were completely different. Moreover, the spelling of the first names was not identical. Also, the person who was charged and convicted of the crimes listed above lived in Shelby County, Alabama and Mr. Bentley is a lifelong resident of Baldwin County, Alabama.

17. On or about August 7, 2012, Plaintiff's prior attorney contacted NAPS and informed them of the inaccurate criminal history reporting on the Plaintiff's employment file and requested an investigation and removal of the inaccurate information.

18. On information and belief, after receiving the request from the Plaintiff, NAPS failed to conduct a reasonable, or any, investigation into the inaccurate information reporting on the Plaintiff's consumer report.

19. Instead, of conducting a reasonable investigation as required by the FCRA, NAPS placed this burden on Mr. Bentley suggesting that he "might consider submitting fingerprints to a local law enforcement agency for comparison to those associated with the cases involved." See Exhibit "A" filed herewith.

20. The Plaintiff, through his prior counsel, made several additional phone calls and sent faxes and letters to NAPS about the inaccurate information that was reporting all to no avail. On August 10, 2012, the Plaintiff's, then, counsel received a letter from NAPS stating that the information reporting was accurate and that, "[w]e believe that the information we provided [to Infirmary Systems] pertains to Mr. Bentley based on matches of identifiers." (Exhibit "A").

21.     NAPS failed to remove the criminal history from his report and, as a direct and proximate result, Mr. Bentley remains ineligible for the position at Infirmary Health System or any other new employment opportunities due to the inaccurate and libelous background report compiled by NAPS.

22.     The Plaintiff has suffered damages, including but not limited to, the loss of employment advancement, mental suffering, and emotional pain as a result of the Defendant's publication of the adverse information.

23.     Defendant has repeatedly attributed adverse background information to the Plaintiff that does not belong to him.

24.     Plaintiff has been denied employment opportunities due to this inaccurate information.

25.     Plaintiff's creditworthiness and employability has been repeatedly compromised by the acts and omissions of the Defendant.

26.     The presence of these inaccurate trade-lines on his consumer report adversely affects his good name, employment opportunities, creditworthiness and employability.

27.     NAPS has published false information about Plaintiff based on its inclusion of false data in Plaintiff's consumer reports.

28.     NAPS prepared, issued, assembled, transferred and otherwise reproduced consumer reports, regarding the Plaintiff, as defined in the FCRA 15 U.S.C. § 1681a.

29.     NAPS has repeatedly supplied false consumer reports to its subscribers and attributed said data to the Plaintiff.

30.     NAPS chose to continue to prepare and publish false consumer reports about Plaintiff after being placed on notice of the inaccurate information.

31.     NAPS took inadequate action to update Plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate and required lawful reinvestigation.

32.     Likewise, NAPS failed to take necessary and reasonable steps to prevent further inaccuracies from entering Plaintiff's consumer data file and such false data continued to be posted as new consumer reports were prepared, issued and disseminated by the Defendant and relayed for further use, reliance and publication by its subscribers.

33.     NAPS failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer report and other personal information, as required by the FCRA, which it compiled, used and manipulated.

34.     NAPS failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false and inaccurate data appearing on Plaintiff's consumer reports and as contained in its consumer reporting data bank, as required by the FCRA.

35.     NAPS failed to adopt and follow reasonable procedures to assure that any previously deleted false and inaccurate data was not reinserted into the Plaintiff's consumer report.

36.     NAPS has continually added, stored, maintained and disseminated personal and consumer information, in consumer reports it prepared and issued, about the Plaintiff which was inaccurate, false, erroneous, libelous and misleading despite notice from the Plaintiff that such information was inaccurate.

37.     NAPS, through its fault, as described herein, caused great and irreparable injury to Plaintiff herein.

38. NAPS is liable unto Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under common law, states' laws and/or for willful violations of the provisions under the FCRA.

39. Further, by violating the FCRA and using unreasonable, or no procedures or data accuracy and integrity, NAPS likewise breached its statutory duties.

40. As a result of the misleading and inaccurate information reported by the Defendant, the Plaintiff has suffered sustained actual damages including, but not limited to, financial damages, loss of employment opportunities and emotional distress.

41. Defendant's conduct, action and inaction, were willful.

42. Defendant's actions and inactions were negligent.

43. Defendant did not have any reasonable basis to believe that the Plaintiff was responsible for the crimes reported in his background report.

44. Defendant willfully determined to follow procedures which it did not review, confirm or verify the identity of persons on whom it reports information on.

45. The Defendant's wrongful conduct has caused the Plaintiff severe emotional distress.

### COUNT ONE
*(Failure to comply with 15 U.S.C. § 1681e(b), 1681i(a), 1681i(a)(5) of the Fair Consumer Reporting Act and State Laws by Defendant)*

46. This is a count against Defendant for its willful and negligent violations of 15 U.S.C. §§ 1681e(b), 1681i(a), 1681i(a)(5) of the FCRA and state law.

47. Plaintiff re-alleges all the relevant foregoing paragraphs of this complaint as if fully set out herein.

48. Defendant willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in consumer reports.

49. Defendant willfully and/or negligently refused to properly reinvestigate the Plaintiff's consumer report.

50. The trade-lines contained within the Plaintiff's report as published by Defendant rendered the reports inaccurate.

51. Following receipt of the consumer reports, the Plaintiff requested that Defendant reinvestigate the inaccurate accounts.

52. As part of the reinvestigation, the Defendant was required to notify the furnishers of the inaccurate information by sending them all of the relevant information.

53. The notification of Plaintiff's dispute sent to the furnisher of the information was required by the FCRA to include all relevant information regarding the dispute that theNAPS had received from the Mr. Bentley.

54. As part of the reinvestigation, the Defendant was required to consider and give due weight to all relevant information submitted by the Plaintiff.

55. The Defendant negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by the Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681i(a)(5).

56. In response to the request for reinvestigation, Defendants did not perform a proper reinvestigation, and did not delete the inaccurate information in violation of the requirements of the FCRA, 15 U.S.C. § 1681i(a)(5).

57. On information and belief, the Defendant re-reported the previously deleted account and failed to inform the Plaintiff of the reinsertion in violation of the FCRA, 15 U.S.C § 1681i(a)(5)(B).

58. The Defendant has maintained the inaccurate accounts on file of the Plaintiff.

59. The Defendant has negligently and/or willfully failed to conduct a proper reinvestigation of the inaccurate trade lines and has allowed previously deleted data to be reinserted in violation of 15 U.S.C. §§ 1681i, 1681n and/or 1681o.

60. The Defendant has violated other sections of the FCRA which has caused damage to the Plaintiff and was otherwise careless and negligent regarding the treatment of the plaintiff's file and disputes.

61. The Plaintiff suffered damages as a result of this violation of the FCRA.

62. Defendant's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitles the Plaintiff to recover for damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

      A.    Actual damages;
      B.    Punitive damages;
      C.    Statutory damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o.
      D.    Costs and reasonable attorney's fee pursuant to 15 U.S.C. §§ 1681n and/or 1681o.
      E.    For such other and further relief as may be just and proper.

### COUNT TWO
*Defamation*

63. The relevant above and foregoing paragraphs are re-alleged as if fully set out herein.

64. From, at least, early 2012 through the present, Defendant published to various employers, and attorneys statements and reports indicating that Plaintiff had a pending felony case and four pervious felony convictions.

65. Defendant published this information both orally and in writing.

66. Defendant had no factual basis for making the statements.

67. Plaintiff notified and had an attorney notify Defendant by letters faxes and telephone that he was not the career criminal identified in the reports.

68. The written publications by Defendant constitute liable *per se*. The verbal publications constitute slander *per se.*

69. Despite Plaintiff's notice, Defendant acted with malice by attempting to coerce Plaintiff into contacting law enforcement and submitting to fingerprinting or other process.

70. Defendant acted with malice, as shown in the attached Exhibit "A," placed the burden of correcting and investigating the information in the consumer reports at issue on the Plaintiff instead of conducting its own investigation of Plaintiff's consumer dispute.

71. Defendant's acts constitute express or actual malice.

72. As a direct and proximate result of Defendant's defamation, Plaintiff has suffered extreme mental anguish, loss of reputation, loss of the ability to obtain employment, and pecuniary damages. The losses are either permanent in nature or continuing and Plaintiff will suffer losses in the future. Defendant's actions were malicious, willful, wanton, and to the total disregard of Plaintiff's rights.

**WHEREFORE**, plaintiff prays for actual damages; statutory damages, costs and attorney fees, punitive damages; such other relief as the Court deems proper.

**RESPECTFULLY SUBMITTED**, **DATED** this the 20th day of February, 2013.

   \s\ Earl P. Underwood, Jr.
**EARL P. UNDERWOOD, JR. (UNDEE008)**

**OF COUNSEL:**
**UNDERWOOD & RIEMER, P.C.**
**21 South Section Street**
**Fairhope AL 36532**
**Phone:    251.432.9212**
**Fax:          251.433.7172**
**epunderwood@alalaw.com**

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY OF THE ISSUES IN THIS CASE.**

   s\ Earl P. Underwood, Jr.
**Earl P. Underwood Jr.**

**PLEASE SERVE THIS COMPLAINT BY CERTIFIED MAIL.**

**National Application Processing & Screening, Inc.**
**c/o Jerry Barnett**
**1930 3RD AVENUE NORTH**
**BESSEMER, AL 35020**